No. 13117

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

WILLIAM ROBERT EDWARDS and
BARBARA EDWARDS, husband and wife,

      Plaintiffs and Appellants,

-vs-

PEAVEY COMPANY, a corporation,

      Defendants,

  and

ROY VAESSEN,

      Intervenor, Counterclaimant and
      Crossclaimant.

---

Appeal from: District Court of the Eighteenth Judicial District,
      Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellants:

        Landoe and Gary, Bozeman, Montana
        Joseph B. Gary argued, Bozeman, Montana

    For Respondents:

        Drysdale, McLean & Scully, Bozeman, Montana
        James McLean argued, Bozeman, Montana
        Holter, Heath and Kirwan, Bozeman, Montana

---

        Submitted: March 10, 1976

        Decided: MAY 19 1976

Filed: MAY 19 1976

Thomas J. Kearney
         Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a final judgment in a contract action construing the terms of a farm lease in favor of Roy Vaessen, respondent, by the district court, Gallatin County, Judge W. W. Lessley presiding.

On August 10, 1972, plaintiffs William and Barbara Edwards, husband and wife, (hereinafter referred to as Edwards) purchased a farm southwest of Bozeman, Montana, from one John Pasha. Edwards decided to lease the farm on a crop sharing arrangement to the intervenor in this matter, Roy Vaessen. The pertinent terms of the lease are:

"The term of this lease and agreement shall extend from November 1, 1972, and continue for three (3) crop years thereafter, and shall terminate on November 1, 1975.

"Subject to the foregoing reservation, the Lessors do hereby agree that the Lessee shall have possession of the premises herein described on November 1, 1972, and that the Lessee shall during the term of this lease, farm the lands herein described in a good and farmer-like manner, and, as rental for the use of said lands it is agreed that the Lessors shall receive an undivided one-third (1/3) of all grain crops harvested upon the above-described lands during the years 1973, 1974 and 1975 and that the Lessee shall receive an undivided two-thirds (2/3) of said grain crops during the year 1972 and thereafter throughout the term of this lease."

The terms of the farm sale agreement between seller Pasha and buyer Edwards provided that Edwards would provide winter wheat seed and Pasha would plant during the fall 1972. This was done around October 20 to 23, 1972. Vaessen assisted with the planting and also with the harvest in 1973. Edwards testified the value of the crop harvested in 1973 was $18,569.

Edwards claims the entire 1973 wheat crop and Vaessen claims entitlement to two-thirds of all 1973 grain crops, including the 1973 winter wheat crop, less the expense of seed and harvesting which are to be paid by Vaessen, under the terms of his lease.

- 2 -

On July 31, 1974, Edwards filed a complaint stating that during the months of October-November, 1973 Edwards had delivered to defendant Peavey Company a grain crop and that in early 1974 Edwards directed Peavey Company to sell the grain. The complaint alleged Peavey Company sold the grain but wrongfully retained a portion of the proceeds of the sale. The complaint prayed for the amount held by Peavey, $4,266.07, plus interest.

Roy Vaessen filed a motion to intervene as defendant, counterclaimant and crossclaimant under Rule 24, M.R.Civ.P., which was granted by the district court. In his answer, counterclaim and crossclaim Vaessen asserted the money held by Peavey Company constituted Vaessen's share of the 1973 grain crop and therefore it was owed to him rather than to Edwards. Defendant Peavey Company answered by admitting it held the money, but that it was owed to Peavey by both Edwards and Vaessen. Edwards and Vaessen filed answers denying Peavey's counterclaims.

Trial was held without a jury on March 31, 1975. Prior to trial, Peavey Company moved to amend its counterclaims against Edwards and Vaessen by withdrawing the counterclaims subject to a written stipulation; the district court so ordered. The stipulation provided (1) that Peavey stored a certain portion of winter wheat and that it was holding it pending the outcome of the trial; (2) that Edwards owed nothing to Peavey but Vaessen owed Peavey $1,300.85; (3) that Peavey need not participate in the trial.

The court made findings of fact and conclusions of law which included:

a) Pursuant to the terms of the lease, intervenor Roy Vaessen was to receive an undivided two-thirds of the grain crops harvested for the years 1973, 1974 and 1975, and plaintiff was to receive one-third of the grain crops harvested during the said years.

b) The farm lease and agreement was drafted by Edwards' attorney and during the negotiation leading up to the drafting of the farm lease, the Edwards had the counsel and advice of their banker, accountant, and attorney.

c) That the farm lease is not ambiguous and contains all the agreements made between the parties.

d) That intervenor Roy Vaessen has on his part duly performed all the terms and conditions of the lease agreement by him to be performed and cared for and harvested the 1973 grain crops except that Edwards paid for the costs of the winter wheat seed and a portion of the costs of swathing and harvesting the winter wheat crop, all of which in accordance with the terms of the agreement should have been paid for by intervenor Roy Vaessen. The district court listed the expenses to a total of $2,051.

e) That the proceeds from the sale of the 1973 winter wheat crop is the sum of $18,635.07.

f) That by the terms of the lease, intervenor Roy Vaessen is entitled to two-thirds of the proceeds in the sum of $12,423.37, less the expenses paid by Edwards, which pursuant to the lease were the responsibility of the intervenor Roy Vaessen in the sum of $2,051 for a net total owed to Roy Vaessen by Edwards in the sum of $10,372.37.

g) The court found Peavey Company entitled to $1,300.85 of the $4,363.94 held by it and owed by intervenor Vaessen. That Vaessen was entitled to the $4,363.94 held by Peavey Company, which will be a credit against the $10,372.37 owed intervenor by Edwards.

h) Under the terms of the lease, in the event of legal proceedings, the losing party shall pay the attorney fees and court costs.

In its judgment the district court assessed $750/plus attorney fees interest and costs against Edwards.

Judgment was entered in conformity with the court's findings of fact and conclusions of law. From that judgment Edwards appeals.

- 4 -

Edwards looks to this language in the farm lease:

> "* * * Lessee shall receive an undivided two-thirds (2/3) of said grain crops during the year 1972 and thereafter throughout the term of this lease."

Edwards claims that because neither party is entitled to any crops harvested in 1972 (those crops belong to John Pasha, the previous owner) this creates an uncertainty as to the ownership of the winter wheat planted in 1972 and harvested in 1973. Edwards claims this alleged uncertainty of ownership of the winter wheat crop harvested in 1973 has been resolved by the subsequent conduct of the parties. He points to the facts (1) that the seed and subsequent harvesting of that crop were paid for by Edwards, and (2) that Vaessen delivered the winter wheat to Peavey Company and stored it in Edwards' name alone, indicating that both Edwards and Vaessen intended Edwards to have complete ownership of the 1973 winter wheat crop. These two facts are contrary to the lease but they do not clearly evidence a desire to remake the stated provisions in the contract.

Any contract, however made or evidenced, can be discharged or modified by subsequent agreement of the parties. The subsequent agreement, however, must itself comply with the requirements of a contract. The antecedent agreement is not discharged by a later agreement that is void for lack of consideration. Power Service Corporation v. Joslin, 175 F.2d 698. Under the terms of the lease Vaessen is entitled to two-thirds of all grain crops harvested in 1973. To have him remake that portion of the lease would require adequate consideration. We find no consideration in the record to support the claimed change in the lease agreement.

Edwards claims that Vaessen could have two-thirds of a winter wheat crop planted in 1975 and harvested in 1976 --- in place of the two-thirds of the 1973 crop. Again, there is no provision in the contract that would allow Vaessen to claim any part of the 1976 harvest.

It might very well be that the use of the year 1972 in the quoted phrase from the farm lease was not intended, but it does **not** make the whole contract ambiguous. The intent of the parties is clear.

17 Am Jur 2d, Contracts §242, states:

"It is a fundamental principle that a court may not made a new contract for the parties or rewrite their contract under the guise of construction. * * * It must be construed and enforced according to the terms employed, and a court has no right to interpret the agreement as meaning something different from what the parties intended as expressed by the language they saw fit to employ."

This well-settled principle was enunciated in Bullard v. Smith, 28 Mont. 387, 399, 72 P. 761, where the Court said:

"If it [a contract] is plain and unambiguous, it needs no construction, and it is the duty of the court to enforce the contract as made by the parties."

See also: Sections 13-704, 13-705, R.C.M. 1947.

The decision of the district court gave to the parties exactly what they bargained for in the farm lease. Vaessen received two-thirds of all grain crops harvested in the years 1973, 1974, and 1975; he was assessed the expense of seed and harvesting for those crops. Edwards received one-third of all grain crops harvested in those years and bore no expenses for those crops.

The judgment of the district court is affirmed. The respondent Vaessen is awarded the sum of $750 as attorney fees on the appeal in addition to his costs.

_____
Justice

We Concur:

_____

_____
Justices

_____
Hon. Arthur Martin, District Judge, sitting for Chief Justice James T. Harrison

- 6 -